# Ramble *v.* Pennsylvania Coal Company, Appellant.

*Evidence—Payment—Stub of check book—Checks.*

A check book stub is not admissible in evidence to show by memorandum on it that the check taken from the stub had been applied to the payment of a particular claim, where the evidence shows that the check stub was written in pencil while the check was written with pen and ink; that the check book had been for an unknown length of time in the hands of the drawer of the check; that the drawee of the check knew nothing of what was written on the stub; and that other evidence in the case indicated that the check might have been applied, even under the memorandum on the stub, to the payment of another claim.

Argued March 3, 1913. Appeal, No. 32, March T., 1913, by defendant, from judgment of C. P. Wayne Co., Oct. T., 1908, No. 38, on verdict for plaintiff in case of William J. Ramble v. Pennsylvania Coal Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit to recover retained percentages. Before Staples, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court, and in the previous report of the case in 47 Pa. Superior Ct. 28.

The material questions not determined in the previous appeal were rulings relating to the admission of check stubs made by Frank Rouschmier in his lifetime.

The rulings were made under the following offers:

We offer in evidence the book containing the stub of check for $525, which has been admitted by the plaintiff to have been received, stub being as follows: "Dated July 23, 1904. W. J. Ramble, ten per cent. int. $525."

Objected to as irrelevant, immaterial and incompetent. Objection sustained. Defendant excepts. Bill sealed for defendant. [4]

Mr. O'Malley: We offer in evidence stub as follows: "Dated May 31, 1904. W. J. Ramble, by check, ten per cent. int., for $425.57.'

"Objected to as irrelevant, immaterial and incompetent. Objection sustained. Defendant excepts. Bill sealed for defendant. [5]

Verdict and judgment for plaintiff for $703.24. Defendant appealed.

*Errors assigned* among others were (4, 5) rulings on evidence, quoting the bill of exceptions.

*C. P. O'Malley*, of *Warren, Knapp & O'Malley*, with him *Searle & Salmon*, for appellant.—The check stub of Rauschmier explaining the purpose for which the check of $425.57 was paid to Ramble should have been admitted in evidence: Fitch v. Chapman, 10 Conn. 8; Taylor v. Gould, 57 Pa. 152; Addams v. Seitzinger, 1 W. & S. 243; Heilman's Estate, 1 York Legal Rec. 181; Harrisburg Bank v. Tyler, 3 W. & S. 373; Roberts's App., 126 Pa. 102; Reddelien v. Atkinson, 46 Pa. Superior Ct. 159.

*Homer Greene*, with him *F. P. Kimble*, for appellee.

OPINION BY MORRISON, J., April 21, 1913:

This is the second appeal in this case. At the former trial the court below granted a compulsory nonsuit and subsequently refusing to take it off, the plaintiff appealed to this court: Ramble v. Penna. Coal Co., 47 Pa. Superior Court, 28. Upon the argument of that appeal, and thereafter, we gave most of the questions now raised very careful consideration and then reached the conclusion that the plaintiff had made a prima facie case when he was nonsuited, and, therefore, the court erred in refusing to take off the nonsuit and the judgment was reversed with a procedendo. The record now shows that both sides of the case were heard in the court below, and the able argument of appellant's counsel has not convinced us that the learned court below erred in submitting the case to the jury, and, in our opinion, this was done in a manner that leaves no just ground of complaint on the part of the appellant.

Before considering the assignments of error it may not be unprofitable to review some of the facts in the case. On October 26, 1900, the defendant company and Frank Rauschmeier entered into a lumbering contract, and on December 1, 1900, the latter assigned said contract to W. J. Ramble, plaintiff, and he proceeded with the work till August 3, 1901, when E. M. Beyea, land agent of defendant company, undertook to cancel the contract because of unsatisfactory performance on the part of Ramble. At that time there was considerable money due Ramble, and as provided by the contract, the defendant company had withheld ten per centum of the money earned by Ramble which was not to be paid till the completion of the contract. The amount so withheld was conceded to be $963.34. With the consent of the agent of the defendant company, Ramble, on August 12, 1901, reassigned the contract to Rauschmeier by writing which is quoted in our opinion in the former appeal and which is there construed. Ramble alleges and testified at the trial that when he made this reassignment it was dis-

tinctly agreed upon the part of the defendant company that it would pay the ten per centum reservation to him. Now here is the pinch of the case. The defendant contends that it was agreed that this ten per centum, amounting to $963.34, should be paid to Rauschmeier, and further that the latter paid it to the plaintiff by two checks, one dated May 31, 1904, for $425.57, and the other, dated July 23, 1904, for $525. It should be here noticed that these two checks amount to $950.57 or $12.77 less than the conceded amount of the ten per centum reservation which had been withheld from plaintiff at the date when he made the reassignment to Rauschmeier. The plaintiff testified that he was to be paid the ten per centum reservation by the defendant, and he explicitly denied that he ever agreed that it should be paid to Rauschmeier; but he freely admitted that the check of July 23, 1904, for $525 was a payment to apply on said reservation of $963.34, but that the balance was never paid, and therefore he brought this suit to recover it with interest. Rauschmeier being dead before either trial the defendant undertook to prove that he paid said sum to plaintiff by the said two checks. Plaintiff positively denied that the check of May 31, 1904, for $425.57 was a payment on his $963.34 claim. The defendant received the benefit of having both of the checks in evidence but error is assigned because the court would not permit the stub memorandums in Rauschmeier's check book to go in evidence. The important check was the one of May 31, 1904. It was written with pen and ink, but its stub was written with pencil and this fact, considered in connection with plaintiff's testimony, casts suspicion on that entry which was to the effect that it was a payment on Ramble's ten per centum claim. Ramble testified that this check had no application to that claim but that he and Rauschmeier had other lumbering business amounting to about $15,000 and that said check applied on that business. The question then was the right of the plaintiff to recover for the balance of the $963.64 with interest.

We were of opinion on the former review of the case that it was for a jury and since both sides of the controversy have had a full hearing we still adhere to the opinion that there is nothing in the case to prevent the plaintiff from recovery, his testimony and theory having been approved by the jury.

The first assignment of error complains of the refusal of the court below to give a binding instruction in favor of the defendant. We cannot sustain this assignment for the reasons already given that the case was for the jury. The second assignment refers to requested instructions, by defendant's counsel, as to the effect of the assignment of August 12, 1901, from Ramble to Rauschmeier. When the case was here before we considered that paper and its effect, with care, and placed upon it our construction, and the subsequent trial and argument and consideration have not changed our views. Therefore, the court below did not err in refusing to affirm defendant's eighth point (second assignment). The third assignment again raises the question of the competency of Ramble to testify because of the death of Rauschmeier. We gave our views at length on that question in the former appeal and still entertaining the same opinion it is held that the court below did not err as raised by the third assignment.

The fourth and fifth assignments raise the question of the competency of entries on the stub of Rauschmeier's check book in this suit pending between Ramble and the Pennsylvania Coal Company. It seems to us that there are several reasons why the check book stubs were not competent evidence in this suit. We have already seen that the important check stub was written with pencil while the check was written with pen and ink. This would tend to indicate that the stub was not filled out at the time the check was drawn. The fact that ten per centum was noted on the stub was no proof that it was any part of the ten per centum due Ramble from the company. It is probable, or at least possible, that it was ten per centum due Ramble from Rauschmeier on account of

the other business relations between them which was testified to by Ramble. Again the $425.57 and the $525 do not together make up the amount of the ten per centum which defendant conceded Ramble had earned. Moreover, these check stubs had been in the defendant's possession for an unknown length of time and Ramble had no knowledge of them and we cannot see how such entries were competent evidence against Ramble. It was entirely within the power of Rauschmeier, or some one else, to fill up the check stubs as he or they pleased. In addition to this, how could the plaintiff be bound by a written declaration of Rauschmeier of which he had no knowledge and for which he could in no way be held responsible. We think the court did not err in excluding these check stubs.

The sixth and last assignment is that the court below erred in refusing to grant judgment in favor of the defendant non obstante veredicto. Having concluded that, on all of the testimony, the case was for the jury, and that the court was right in not giving a binding instruction in favor of the defendant, it necessarily follows that we cannot sustain this assignment.

The six judges who heard the argument of this appeal agree that the judgment ought to be affirmed.

The assignments of error are all overruled and the judgment is affirmed.